1

2

_____

3
                    Honorable Gregg W. Zive
                 United States Bankruptcy Judge

4
Entered on Docket
November 20, 2015

5
_____

6

7

8   Laura K. Granier, Esq. (SBN 7357)          **Electronically Filed November 9, 2015**
    Christopher L. Richardson, Esq. (admitted *pro hac vice*)
9   DAVIS GRAHAM & STUBBS LLP
    50 W. Liberty St., Suite 950
10  Reno, NV  89501
    (Tel) 775-229-4219
11  *Laura.Granier@dgslaw.com*

12  Courtney Miller O'Mara, Esq. (SBN 10683)
    *comara@fclaw.com*
13  FENNEMORE CRAIG, P.C.
    300 East Second St., Suite 1510
14  Reno, Nevada 89501
    (775) 788-2205 (Telephone)
15  *Attorneys for Waterton Global Value, L.P.*
    *and Borealis Mining Company, LLC*

16
                   **IN THE UNITED STATES BANKRUPTCY COURT**
17                          **DISTRICT OF NEVADA**

18  In re:                                  |  Chapter 11

19  GRYPHON GOLD CORPORATION,               |  Case No. BK-13-51496-GWZ

20                        Debtor.           |  **FINDINGS OF FACT, CONCLUSIONS
                                            |  OF LAW AND ORDER GRANTING
21                                          |  WATERTON GLOBAL VALUE, L.P.'S
                                            |  AND BOREALIS MINING COMPANY,
22                                          |  LLC'S MOTION TO DISMISS OR
                                            |  CONVERT
23

24
                                            |  **Hearing Date:  October 20, 2015**
25                                          |  **Hearing Time:  2:00 p.m.**

26

27       This matter came before the Court on the 20th day of October, 2015, on Waterton Global

28  Value, L.P.'s ("Waterton") and Borealis Mining Company, LLC's ("Borealis") Motion to Dismiss

                                            1

3953679.2

or Convert (Dkt. 341).  In preparation for this hearing, the Court has considered the following documents filed in relation to the Motion:

1.    Declaration of Kanwaljit Toor in Support of Waterton's and Borealis' Motion to Dismiss or Convert (Dkt. 345);

2.    Declaration of Richard Wells in Support of Waterton's and Borealis' Motion to Dismiss or Convert (Dkt. 346);

3.    Supplemental Declaration of Isser Elishis in Support of Waterton's and Borealis' Motion to Dismiss or Convert (Dkt. 350);

4.    Opposition to Motion to Dismiss or Convert (Dkt. 356);

5.    Reply in Support of Motion to Dismiss or Convert (Dkt. 459);

6.    Opposition of Certain Equity Security Holders to Motion to Dismiss or Convert (Dkt. 465);

7.    In addition, the Court has considered the following filings:

| 390 | 6/23/2015 | Equity Holders' Motion for Authority to: (1) Pursue Certain Claims Against Waterton Global, L.P.; (2) File an Objection to Waterton's Claim against the Estate; and (3) Seek Equitable Subordination of Waterton's Claim |
|-----|-----------|-----|
| 391 | 6/23/2015 | Declaration of John F. Murtha in support of Dkt. 390 |
| 392 | 6/23/2015 | Declaration of Chris Jacobs in support of Dkt. 390 |
| 411 | 7/10/2015 | Trustee's Response to Equity Holders' Motion for Authority |
| 412 | 7/10/2015 | Declaration of Gregory F. Wilson in support of Dkt. 411 |
| 416 | 7/10/2015 | Opposition of Waterton and Borealis to Dkt. 390 |
| 417 | 7/10/2015 | Wells Declaration in support of Dkt. 416 |
| 418 | 7/10/2015 | Ex Parte Motion to File Two Documents Under Seal |
| 421 | 7/15/2015 | Order Granting Ex Parte Motion for Leave to Exceed Page Limit |
| 422 | 7/16/2015 | Ex Parte Motion for Order Authorizing Filing of Paper Under Seal |
| 431 | 7/17/2015 | Order Granting Ex Parte Motion Authorizing Filing of Paper Under Seal |
| 427 | 7/16/2015 | Equity Holders' Omnibus Reply in support of Dkt. 390 |
| 430 | 7/17/2015 | Erratum to Exhibit 1 to Equity Holders' Omnibus Reply (with draft complaint attached) |
| 433 | 7/20/2015 | Ex Parte Motion for Leave to File Supplemental Brief |
| 435 | 7/20/2015 | Errata to Dkt. 433 |

2

3953679.2

| 437 | 7/21/2015 | Order Denying Ex Parte Motion (Dkt. 433) |
| 442 | | Transcript of hearing held on 7/21/2015 |
| --- | --- | Minutes of 7/21/2015 hearing prepared internally |
| 464 | 8/25/2015 | Order Granting in Part and Denying in Part Equity Holders' Modified Motion (Dkt. 390) |
| 341 | 4/14/2015 | Waterton's and Borealis' Motion to Dismiss or Convert |
| 459 | 8/21/2015 | Waterton's and Borealis' Reply in support of Motion to Convert or Dismiss |
| 462 | 8/24/2015 | Supplement to Waterton's Opposition to Equity Holders' Motion for Authority |
| AP 1 | 7/29/2015 | Adversary Complaint (Case No. 15-05037) |
| 450-453 | 8/14/2015 | Equity Holders' Reply to Waterton's Supplement (Dkt. 462) |
| 476 | 9/22/2015 | Trustee's Motion to Approve  Assignment of Certain Debtor Claims |
| 477 | 9/22/2015 | Declaration of Gregory F. Wilson in support of Dkt. 476 |
| 484 | 10/6/2015 | Waterton's and Borealis's Opposition to Trustee's Motion to Approve Assignment of Certain Debtor Claims |
| 485 | 10/6/2015 | Declaration of Richard Wells in support of Dkt. 484 |
| 496 | 10/13/2015 | Trustee's Reply in support of Motion to Approve Assignment of Certain Debtor Claims |
| 483 | 10/05/2015 | Equity Holders' Response to and Joinder with Trustee's Motion (Dkt. 476) |
| 339 | 3/26/2015 | Order Following 2/6/2015 Status Conference |
| --- | --- | Minutes of Judge Beesley's 2/6/2015 hearing and relevant portions of transcript |
| 341 | 4/14/2015 | Motion to Dismiss or Convert |
| 345 | 4/14/2015 | Declaration of Kanwaljit Toor in support of Dkt. 341 |
| 346 | 4/14/2015 | Declaration of Richard Wells in support of Dkt. 341 |
| 350 | 4/16/2015 | Submission of Supplemental Declaration (of Isser Elishis) in support of Dkt. 341 |
| 356 | 4/28/2015 | Bockhold-Dawson Opposition to Motion to Dismiss or Convert |
| 357 | 4/28/2015 | Declaration of John F. Murtha in support of Dkt. 356 |
| 358 | 4/28/2015 | Declaration of W. Chris Wicker in support of Dkt. 356 |
| 465 | 9/8/2015 | Certain Equity Security Holders' Joinder in Opposition (Dkt. 356) |
| 459 | 8/21/2015 | Waterton's and Borealis's Reply in support of Dkt. 341 |
| 460 | 8/21/2015 | Declaration of Richard Wells in support of Dkt. 459 |
| 140 | 3/31/2014 | Trustee's First Interim Status Report |

3

3953679.2

| 143 | 4/23/2014 | Final Order Granting Trustee Authority to Borrow Money Pursuant to the Provisions of 11 USC § 364(c) |
| 198 | 7/28/2014 | Waterton's and Borealis' Response to Trustee's Second Status Report |
| 196 | 7/21/2014 | Trustee's Second Interim Status Report |
| 217 | 8/25/2014 | Waterton's and Borealis' Supplemental Response to Trustee's Second Status Report |
| 218 | 8/25/2014 | Declaration of Lisanna Lewis in support of Dkt. 217 |
| 220 | 8/25/2014 | Trustee's First Discovery Status Report |
| 259 | 11/20/2014 | Trustee's Third Interim Status Report |
| 296 | 1/16/2015 | Order Granting Motion for Order Authorizing Trustee to Release Documents Obtained During her Investigation |
| 307 | 2/5/2015 | Waterton's and Borealis' Status Update to the Court Regarding Funding for Gryphon Reorganization Plan and Motion to Convert or Dismiss |
| 310 | 2/5/2015 | Bockhold-Dawson Group's Response to Status Update (Dkt. 307) |
| 339 | 3/26/2015 | Order Following Status Conference held 2/6/2015 |
| --- | --- | Various other filings made under seal  (e.g., PWC report) |

8.     Other documents and hearing transcripts as noted on the record.

It appearing from the record that notice of hearing has been given as required by law; appearances were made at the hearing by Laura Granier, Chris Richardson and Courtney O'Mara on behalf of Waterton and Borealis, John Murtha and Chris Wicker on behalf of equity-holders Bockhold-Dawson, and  Greg Wilson and Jeff Hartman on behalf of the Trustee, Christina Lovato, Janet L. Chubb on behalf of certain equity security holders, all as noted on the record of the proceedings; the Court having considered the arguments of counsel at the hearing, and, pursuant to Bankruptcy Rule 7052 which incorporates Rule 52 F.R.Civ.P., the Court makes the following Findings of Fact and Conclusions of Law:

## I.     FINDINGS OF FACT

1.     On July 29, 2013, Gryphon Gold Corporation ("Debtor") filed its voluntary petition for relief under Chapter 11 of the Bankruptcy Code.  Three months after initiation of this case,

4

3953679.2

the Court appointed a Trustee at Gryphon's request as it had no management, no income-producing assets, no employees and no income with which to propound a reorganization plan. Debtor's sole asset is a 36% membership interest in Borealis, which interest is encumbered by Waterton's security interest. The primary asset of Borealis is the Borealis Mine, a gold and silver open-pit heap leaching mining operation near Hawthorne, Nevada in the Walker Lane Mineral Belt. The Borealis Mine is not currently operating. Waterton provided evidence that an $8 million environmental reclamation bond must be maintained and that Borealis is incurring approximately $3.8 million in annual care and maintenance costs.

2. An equity holder group in the Debtor, Bockhold-Dawson, has asserted since at least February 2013 that Gryphon has legal claims Gryphon can assert against Waterton related to the debt for equity swap that occurred between Waterton and the Debtor in January 2013 (the "Litigation Claims"). Based on the Bockhold-Dawson group's assertions about these potential claims, the Court authorized the Trustee to conduct an investigation to evaluate the value of the Borealis Mine, account for the funds loaned to the Debtor from Waterton, evaluate the debt for equity conversion, and investigate the potential claims against Waterton.

3. To complete this investigation, Bockhold-Dawson loaned the Trustee $500,000 most of which the Estate expended during the year-long investigation which concluded with reports from the Trustee's independent experts which were submitted to this Court in November 2014.

4. Based on the investigation, the Trustee concluded that at the then current range of gold prices (November 2014), the mine had no commercial viability and there was no likelihood of recovering the money invested in the Borealis Mine. See FTR Recording at 5:19:11 to

5:19:20. The Court does not question the conclusion of the Trustee's experts. Dkt. # 159, at 2:28.

5.  In the 27 months this case has been pending, no one has come forward with a proposed plan to demonstrate a viable reorganization for the Debtor is on the horizon. No draft plan or disclosure statement has ever been filed and presented to the Court. Given the current and foreseeable depressed gold and silver market, there is no reasonable likelihood of the Estate or any party being able to propose a viable plan in the foreseeable future.

6.  The Estate has no income and is subject to additional costs and obligations resulting in a negative cash flow and further diminution of the value of the Estate.

7.  Waterton has provided evidence that it has advanced significant funds to keep the Borealis Mine operating and, now, to ensure the Mine remains in compliance with all environmental requirements while it is being kept in care and maintenance condition. Waterton has presented evidence that to date it has provided approximately $38 million in cash to the Borealis Mine either through loans to the Debtor, funding its share of operations and more recently, while it is maintaining the Mine in care and maintenance, environmentally safe condition.

9.  Waterton timely filed a secured claim for approximately $13.8 million. That claim is valid until it has been successfully challenged which, to date, it has not.

10. The Trustee is willing to sell the Litigation Claims to Bockhold-Dawson for $300,000 proposing that $150,000 of that amount would pay administrative claims and the other $150,000 would be distributed to unsecured creditors. That is a very small premium that

3953679.2

unsecured creditors will get paid.  *See* FTR Recording at 5:05:55 to 5:06:17.  The Trustee also would receive 10% of any net proceeds that might arise from the prosecution of the Litigation Claims.  This arrangement may appear to be attractive because there is very little risk because Bockhold-Dawson as assignee of the Litigation Claims will pay all fees and costs to pursue such litigation; however, the very same attorney's fees provision Bockhold-Dawson relies upon in its Adversary Complaint to require Waterton to pay fees as a non-prevailing party also would burden the Estate with a significant potential fee award that could further decrease the value of the estate's assets available to pay creditors.

## II.    CONCLUSIONS OF LAW

1.    Upon motion of a party in interest and a demonstration of "cause" under §1112(b)(1) and (4), the Court shall convert a case to Chapter 7 or dismiss the case if it is in the best interest of the estate's creditors.  The Court enjoys broad discretion in determining whether relief under 1112(b) is appropriate. See, e.g., In re Abijoe Realty Corp., 943 F.2d 121, 128 (1st Cir. 1991). Under §1112(b)(4) the bases for finding cause include a wide variety of circumstances, including substantial or continuing loss to or diminution of the estate and the absence of a reasonable likelihood of rehabilitation; and failure to timely file a disclosure statement, or to file or confirm a plan.  11 U.S.C. §1112(b)(4).  The list of enumerated grounds in §1112(b)(4) is not exclusive or exhaustive, and the Court must determine whether cause exists, and if it does, whether conversion or dismissal is in the best interest of the creditors.  See In re Van Owen Car Wash, Inc., 82 B.R. 671, 673 (Bankr. C.D. Cal. 1988).  The Court may consider whether creditors favor conversion or dismissal when determining the best interests of creditors or the estate.  Loop Corp. v. United States Trustee, 290 B.R. 108, 115 (D. Minn. 2003), aff'd 379 F.3d 511 (8th Cir. 2004); In re Miell, 419 B.R. 357, 367 (Bankr. N.D. Iowa 2009).

2.    After conducting a year-long investigation that cost nearly $500,000 to compensate the independent professionals retained to assist in the investigation, the Trustee determined in her

3953679.2

judgment and based on the expert reports prepared on behalf of the Estate, that as of November 2014, based upon the then current gold prices, there was no likelihood of recovering the money invested in the Borealis Mine and the mine was not commercially viable.  There is no basis to question the Trustee's determination and, therefore, if the Borealis Mine cannot be economically operated, Borealis does not have any value and the Debtor's 36% membership interest also has no value.  <u>See</u> FTR Recording at 5:14:05 to 5:14:48.  In any event, whatever value the Debtor's interest may have, such interest is encumbered by Waterton's lien and does not provide any benefit to the estate or the creditors of the estate.

3.      "Cause" for dismissal includes a substantial or continuing loss or diminution of the estate in the absence of a reasonable possibility of rehabilitation.  Diminution of the Estate in this case continues even with the Borealis Mine shutdown because of the care and maintenance and environmental reclamation requirements that continue as financial burdens on the Borealis Mine like all comparable mines.

4.      To avoid conversion or dismissal, the test under § 1112(b)(4)(A) requires that the Court determines that there is a reasonable likelihood of rehabilitation and that the debtor's business prospects justify continuation of a reorganization effort.  <u>See</u>, <u>e.g.</u>, <u>Johnston v. Jem Dev. Co. (In re Johnston)</u>, 149 B.R. 158, 162 (9th Cir. B.A.P. 1992) (debtor lacked sufficient income to fund the plan). This question turns on whether the debtor or some other party in interest is capable of performing the necessary correction within a reasonable period of time to avoid continuing losses.  Here, there is an absence of a reasonable likelihood of rehabilitation for this Debtor.  <u>See</u> FTR Recording at 5:15:17 to 5:15:49.  Gold and silver prices have collapsed and there is no likely foreseeable rebound for precious metals pricing. The Debtor's only hope is costly litigation and hope is not enough.  <u>See</u> <u>In re De Jounghe</u>, 334 B.R. 760, 771-72 (1st Cir. 2005 (where reorganization "hinged" on the speculative recovery of stock in a pending adversary proceeding, the bankruptcy court was justified in finding that the debtors had little likelihood of reorganization); <u>In</u>

3953679.2

re Imperial Heights Apartments, Ltd., 18 B.R. 858, 863-64 (Bankr. S.D. Ohio 1982) (where the only asset of the estate was "an alleged cause of action for a lawsuit claiming a tenuous equity in an apartment complex," there was neither a reasonable likelihood of reorganization nor an ability to effectuate a plan); In re Quarles, 194 B.R. 94, 97 (U.S.D.C. W.D. Va. 1996) (debtor's "premise that outcomes in pending litigation favorable to him will cure his financial ills is pure speculation"). The only "income" the Debtor has reported on its monthly statements are tax, telephone and security deposit refunds totaling $4,852.00.  See, e.g., Doc. 221, p. 4.  The $500,000 of "receipts" the Debtor reflects on its schedules is an administrative priority claim of Bockhold-Dawson who loaned the money to the Debtor for the Trustee's lengthy investigation described above.  See Doc. 95.

5.     The Ninth Circuit is among the Courts requiring that a Debtor make progress towards confirmation to avoid conversion or dismissal.  See, e.g., In re ACI Sunbow, LLC, 206 B.R. 213, 219 (Bankr. S.D. Cal. 1997)(" it would be a perversion of the bankruptcy process to allow a debtor to remain under the protection of Chapter 11 to the detriment of creditors once it was established that a debtor could not effectuate a plan, whether because of inability to meet statutory or economic feasibility requirements for confirmation, or otherwise.")

6.     A debtor's inability to accomplish substantive progress toward confirmation of a plan inherently carries the risk of unreasonable and undue delay, which is nearly always prejudicial toward creditors, In re Babayoff, 445 B.R. 64. 79 (Bankr. E.D.N.Y. 2011), and which is adequate justification, in and of itself, for dismissal of a Chapter 11 case for cause. See e.g., In Re De Jounghe, 334 B.R. at 770–771 (upholding the bankruptcy court's dismissal of the debtor's Chapter 11 case for unreasonable delay, prejudicial to creditors, where a debtor had been in bankruptcy for 14 months and in Chapter 11 for nearly a year and yet had failed to file a plan or disclosure statement); In re Babayoff, 445 B.R. at 79 (finding undue delay where two years had passed without demonstrating the ability to file or confirm a feasible plan); In re Tornheim, 181 B.R. 161, 165 (Bankr. S.D.N.Y. 1995) (finding cause to convert or dismiss present after 16 months where the

3953679.2

debtor's "failure to file a plan ... show[ed] both unreasonable, prejudicial delay and an inability to effectuate a plan").  In the present case, over the course of more than two years, neither the Debtor, the Trustee, nor any party in interest has been able to file a plan and disclosure statement. The Estate does not have the ability to finance any such effort or to pay its proportionate share of the care and maintenance costs of the Borealis Mine.

7.    The purpose of the Bankruptcy Code provisions for reorganization is to provide for rehabilitation or for liquidation of the Estate's assets. The only asset for liquidation here is the Debtor's 36% interest in Borealis, which is an asset that is subject to continuous diminution in value and is subject to the secured claim of Waterton.  Simply put, continuation of this proceeding does not provide any potential benefit to the estate or to creditors of the estate.

8.    Cause exists for dismissal under Section 1112(b) and no unusual circumstances exist to establish it is not in the estate's best interest to dismiss.  Neither the Debtor nor any other party has been able to establish there is a reasonable likelihood a plan will be confirmed within a reasonable period of time.

NOW, THEREFORE, the Court hereby grants the Motion and it is hereby ORDERED that this bankruptcy proceeding be dismissed.

Prepared by:

DAVIS GRAHAM & STUBBS

By:    */s/ Laura K. Granier*
Laura K. Granier
Christopher L. Richardson
Attorneys for Waterton Global Value, L.P.

APPROVED/~~DISAPPROVED~~

*/s/  John F. Murtha*
John F. Murtha, Esq.
W. Chris Wicker, Esq.
Attorneys for Equity Security Holders
Murray Bockhold and G. R. Dawson Holdings

10

APPROVED/~~DISAPPROVED~~


 */s/ Gregory F. Wilson*
Gregory F. Wilson, Esq.
Gregory F. Wilson and Associates PC
Attorneys for Trustee Christina W. Lovato


APPROVED/~~DISAPPROVED~~


 */s/ Janet L. Chubb*
Janet L. Chubb, Esq.
Kaempfer Crowell
Attorneys for Certain Equity Security Holders

3953679.2

1

2

### LR 9021 CERTIFICATION

3

In accordance with LR 9021, counsel submitting this document certifies that the order

4

accurately reflects the court's ruling and that:

5

_____    The court has waived the requirement set forth in LR 9021(b)(1).

6

_____    No party appeared at the hearing or filed an objection to the motion.

7

8

_X_    I have delivered a copy of this proposed order to all counsel who appeared at the hearing, and any unrepresented parties who appeared at the hearing, and each has

9

approved or disapproved the order, or failed to respond, as indicated below:

10

Counsel who approved the order:

11

John F. Murtha, Esq.

12

Attorney for Equity Security Holders
Murray Bockhold and G. R. Dawson

13

Gregory F. Wilson, Esq.

14

Attorneys for Trustee Christina W. Lovato

15

Janet L. Chubb, Esq.

16

Kaempfer Crowell
Attorneys for Certain Equity Security Holders

17

18

_____    I certify that this is a case under Chapter 7 or 13, that I have served a copy of this order with the motion pursuant LR 9014(g), and that no party has objected to the

19

form or content of the order.

20

21

DAVIS GRAHAM & STUBBS

22

By:     _/s/ Laura K. Granier_

23

Laura K. Granier
Christopher L. Richardson

24

Attorneys for Waterton Global Value, L.P.

25

# # #

26

27

28

12

3953679.2